IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHER DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PENNY KENNEDY and,
RAYMOND KENNEDY,
Individually and as guardians
and next friends of TREVOR KENNEDY,
an infant under the age of eighteen,

        Plaintiffs,

v.                                                                  CIVIL ACTION NO. 2:03-0175
                                                             (JUDGE _____)

UNITED STATES OF AMERICA,
COMMUNITY HEALTH FOUNDATION
OF MAN, WEST VIRGINIA, INC. and
DR. PLARIDEL TORDILLA, Individually,

        Defendants.

## COMPLAINT

COMES NOW, the Plaintiffs, Penny Kennedy and Raymond Kennedy, Individually and as guardians and next friends of Trevor Kennedy, an infant under the age of eighteen, and for their Complaint against the Defendants, the United States of America, Community Health Foundation of Man, West Virginia, Inc., and Dr. Plaridel Tordilla, Individually, state as follows:

1. At all times relevant herein, the Plaintiffs were residents of Simon, Wyoming County, West Virginia.

2. Plaintiffs, Penny and Raymond Kennedy are the natural parents, guardians and next friends of Trevor Kennedy.

3. At all times relevant herein, the Defendant, Community Health Foundation, a

1

West Virginia corporation, had its principal place of business in Man, West Virginia, providing health care services to the public and the plaintiff, Trevor Kennedy and its agent for service of process is Charles D. Williamson, 600 East McDonald Ave., Man, West Virginia, 25635.

4. At all times relevant herein, the Plaintiffs allege that the defendant, Dr. Plaridel Tordilla, was a resident of Man, Logan County, West Virginia.

5. The Plaintiffs allege that the defendants were duly authorized health care providers as defined by W. Va. Code § 55-7B-2(c).

6. The Plaintiffs allege that all actions taken herein occurred at the Community Health Foundation of Man, Logan County, on or about April 25, 2000.

7. The Plaintiffs allege that at all times relevant to this Complaint, the Community Health Foundation and Dr. Plaridel Tordilla, an employee of Community Health Foundation, were "deemed" employees of the United States for purposes of 233(g) of the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act of 1992, as amended in 1995 ("the Act").

8. Under the Act, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671-2680, provides the exclusive remedy for the medical and related services performed by employees of deemed entities while acting in the scope of their employment.

9. Pursuant to the provisions of 28 U.S.C. § 1346, also pursuant to Federal Tort Claims, this Court, has original jurisdiction over this action.

10. On or about May 29, 2002, the Plaintiffs, by counsel, pursuant to 28 U.S.C. §

2

2675 (2002), filed a proof of claim with the United States Department of Health and Human Services.

11. As of the date of this Complaint, Plaintiffs have not been served with a notice of the decision of the Department of Health and Human Services with respect to the proof of claim.

### COUNT I

12. Paragraphs one (1) through eleven (11) are incorporated by reference hereto as if set forth verbatim hereinafter.

13. The plaintiffs allege that the Defendant, Dr. Plaridel Tordilla, represents himself as a medical doctor and a pediatrician qualified to do pediatric care.

14. The plaintiffs allege that the Defendant, Dr. Plaridel Tordilla, was the primary pediatrician responsible for the care and treatment of Trevor Kennedy.

15. The Plaintiffs allege that the Defendant, Dr. Plaridel Tordilla, deviated from the medical standard of care and was negligent in evaluating the paying Plaintiffs' son, Trevor Kennedy in light of the presenting medical complaints.

16. The Plaintiffs allege that the Defendant, Dr. Plaridel Tordilla, had previously treated Trevor Kennedy and was fully aware of and had full and complete knowledge of his prior medical history and failed to appreciate the seriousness of the plaintiff's presenting problems.

17. The plaintiffs allege that the Defendant, Dr. Plaridel Tordilla, further deviated from the medical standard of care and was negligent in the following, but not limited to only, the following ways:

3

a. Failed to timely recognize, diagnose and appropriately treat and care for Trevor Kennedy;

b. Failed to adequately monitor, supervise and investigate the medical condition of Trevor Kennedy;

c. Failed to timely and properly examine and/or complete all the necessary and prudent examinations of Trevor Kennedy;

d. Failed to take timely and appropriate action to investigate the complaints of the Plaintiffs and their son, Trevor Kennedy;

e. Failed to timely and properly investigate the physical condition of Trevor Kennedy while he was presenting for care at the Community Health Foundation of Man.

f. Failed to consult with appropriate medical and other neurosurgical specialists and/or take appropriate steps to assure that proper medical care was rendered to Trevor Kennedy;

g. Failed to timely refer the Plaintiffs to the proper specialists and facilities;

h. Failed to timely respond with the appropriate examinations, evaluations and treatment of Trevor Kennedy;

i. Other negligent and careless treatment provided to Trevor Kennedy;

j. Failed to have the proper equipment and properly trained personnel available to assist in Trevor Kennedy's care and treatment; and

k. Failed to properly examine and investigate the "extreme pain and inability to walk" of Trevor Kennedy.

4

18. As a direct and proximate result of the deviation from the standard of care and the negligence of the Defendant, Dr. Plaridel Tordilla, Trevor Kennedy, suffered, endured and will continue to suffer and endure in the future severe pain and suffering, physically, mentally and emotionally. Further, Trevor Kennedy has suffered partial paralysis and the possibility of a shortened life span at the age of two.

19. As a direct and proximate result of the deviation from the standard of care and the negligence of the Defendant, Dr. Plaridel Tordilla, Trevor Kennedy has incurred medical bills and expenses and will continue to incur such bills in the future.

20. As a direct and proximate result of the deviation from the standard of care and the negligence of the Defendant, Dr. Plaridel Tordilla, Trevor Kennedy will require monitoring for her condition and will require ongoing care and treatment in the future.

## COUNT II

21. Paragraphs one (1) through twenty (20) are incorporated by reference hereto as if set forth verbatim hereinafter.

22. The Plaintiffs allege that, the Defendants, Community Health Foundation of Man, West Virginia, Inc., represents itself as a medical treatment facility with pediatric facilities, and acting by and through its agents, ostensible agents, servants and/or employees within the scope of their agency, ostensible agency and/or employment deviated from the applicable standard of medical care and was negligent in regard to their medical care of Trevor Kennedy, in the following ways, among others:

5

a. Failed to timely recognize, diagnose and appropriately treat and care for Trevor Kennedy;

b. Failed to adequately monitor, supervise and investigate the medical condition of Trevor Kennedy;

c. Failed to timely and properly examine and/or complete all the necessary and prudent examinations of Trevor Kennedy;

d. Failed to take timely and appropriate action to investigate the complaints of the Plaintiffs and their son, Trevor Kennedy;

e. Failed to timely and properly investigate the physical condition of Trevor Kennedy while he was presenting for care at the Community Health Foundation of Man.

f. Failed to consult with appropriate medical and other neurosurgical specialists and/or take appropriate steps to assure that proper medical care was rendered to Trevor Kennedy;

g. Failed to timely refer the Plaintiffs' son, Trevor Kennedy, to the proper specialists and facilities;

h. Failed to timely respond with the appropriate examinations, evaluations and treatment of Trevor Kennedy;

i. Other negligent and careless treatment provided to Trevor Kennedy; and

j. Failed to have the proper equipment and properly trained personnel available to assist in Trevor Kennedy's care and treatment.

23. As a direct and proximate result of the deviation from the standard of care and the

6

negligence of the Defendant, Community Health Foundation of Man, West Virginia, Inc., Trevor Kennedy, suffered, endured and will continue to suffer and endure in the future severe pain and suffering, physically, mentally and emotionally. Further, Trevor Kennedy has suffered partial paralysis and the possibility of a shortened life span at the age of two.

24. As a direct and proximate result of the deviation from the standard of care and the negligence of the Defendant, Community Health Foundation of Man, West Virginia, Inc., Trevor Kennedy has incurred medical bills and expenses and will continue to incur such bills in the future.

25. As a direct and proximate result of the deviation from the standard of care and the negligence of the Defendant, Community Health Foundation of Man, West Virginia, Inc., Trevor Kennedy will require monitoring for her condition and will require ongoing care and treatment in the future.

## COUNT III

26. Paragraphs one (1) through twenty-five (25) are incorporated by reference hereto as if set forth verbatim hereinafter.

27. As a direct and proximate result of the joint and several acts and/or failures to act and negligence of the Defendants in this matter, plaintiffs, Penny Kennedy and Raymond Kennedy have suffered the loss of consortium of their infant son and have further suffered, endured and will continue to suffer and endure in the future sever pain and suffering, mentally and emotionally.

28. As a direct and proximate result of the joint and several acts and/or failures to act

and negligence of the Defendants in this matter, plaintiffs, Penny Kennedy and Raymond Kennedy have incurred numerous medical bills and other expenses for the care and treatment of their infant son and will continue to incur such bills and other expenses into the future.

29. As a direct and proximate result of the joint and several acts and/or failures to act and negligence of the Defendants in this matter, plaintiffs, Penny Kennedy and Raymond Kennedy watched as Trevor Kennedy was in extreme pain and was unable to function his lower body and/or walk, he suffered from a delay in diagnosis of and Astro-Cytoma in his spine causing further pain, suffering, partial paralysis and a possible shortened life span.

30. As a direct and proximate result of the joint and several acts and/or failures to act and negligence of the Defendants in this matter, plaintiffs, Penny Kennedy and Raymond Kennedy allege that their lives have been permanently and forever changed and damaged and that they no longer have the ability to enjoy life.

31. As a direct and proximate result of the joint and several acts and/or failures to act and negligence of the Defendants in this matter, plaintiffs, Penny Kennedy and Raymond Kennedy allege that their son, Trevor, lost a chance at a normal life and faces the possibility of a shortened life span.

## COUNT IV

32. Paragraphs one (1) through thirty-one (31) are incorporated by reference hereto as if set forth verbatim hereinafter.

33. The Plaintiffs allege that the Defendants each impliedly warranted and contracted

8

with the Plaintiffs that the medical care and treatment rendered to Trevor Kennedy would be of the proper degree, skill and by learned professionals with the proper equipment as that of a reasonably prudent health care provider in the same or similar conditions as defined by the West Virginia Code.

34. The Plaintiffs allege that the Defendants breached their implied warranty and contract and duty and negligently failed to exercise the degree of care, skill and learning required or expected of a reasonable, prudent health care provider in this class and under the same or similar conditions.

35. As a direct and proximate result of the aforementioned breach, Trevor Kennedy suffered, endured and will continue to suffer and endure in the future severe pain and suffering, physically, mentally and emotionally. Further, Trevor Kennedy has suffered partial paralysis and the possibility of a shortened life span at the age of two.

36. As a direct and proximate result of the aforementioned breach, Trevor Kennedy has incurred medical bills and expenses and will continue to incur such bills in the future.

37. As a direct and proximate result of the aforementioned breach, Trevor Kennedy will require monitoring for her condition and will require ongoing care and treatment in the future.

WHEREFORE, the Plaintiffs, do hereby demand judgment against the Defendants, jointly and severally, as follows:

A. Compensatory damages in excess of this Court's minimum jurisdiction;

  B. Punitive damages;

  C. Prejudgment and Postjudgment interest;

  D. Attorneys' fees, court costs; and

  E. Any and all other reasonable costs and expenses this Honorable Court may deem proper and just.

## JURY DEMAND

The Plaintiffs demand a trial by jury.

*Respectfully submitted,*

**Plaintiffs**
**By counsel,**

*[signature]*

Scott S. Segal (WV Bar #4717)
Samuel A. Hrko (WV Bar #7727)
**THE SEGAL LAW FIRM**
**A Legal Corporation**
810 Kanawha Boulevard, East
Charleston, West Virginia 25301
Telephone: (304) 344-9100
Facsimile: (304) 344-9105

Pamela A. Lambert (WV Bar #2128)
**LAMBERT & NEW**
P.O. Drawer 926
Gilbert, West Virginia 25621
Telephone: (304) 664-3096
Facsimile: (304) 664-8640