# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON

**PENNY KENNEDY,**
**RAYMOND KENNEDY**
**Individually and as guardians**
**and next friends of TREVOR KENNEDY,**
**an infant under the age of eighteen**

FILED

JUL 2 4 2003

SAMUEL L. KAY, CLERK
U. S. District & ...
Southern Distric...

            Plaintiffs,

v.                                                  **CIVIL ACTION NO. 2:03-0175**
                                                    **Charles Haden, II, Judge**

**UNITED STATES OF AMERICA,**
**COMMUNITY HEALTH FOUNDATION**
**OF MAN, WEST VIRGINIA, INC., and**
**DR. PLARIDEL TORDILLA, individually,**
**CHARLESTON AREA MEDICAL CENTER, INC.,**
**d/b/a WOMEN AND CHILDREN'S HOSPITAL OF**
**WEST VIRGINIA, d/b/a WOMEN AND CHILDREN'S**
**HOSPITAL, d/b/a CAMC CHILDREN'S HOSPITAL,**
**d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC**
**WOMEN AND CHILDREN'S HOSPITAL,**
**INPHYNET HOSPITAL SERVICES, INC.,**
**a foreign corporation, doing business**
**IN the state of West Virginia, and DR. GORDON J. GREEN,**
**individually,**

            Defendants.

## ANSWER OF INPHYNET HOSPITAL SERVICES, INC.
### AND DR. GORDON J. GREEN

   **COME NOW** Defendants Gordon J. Green, M.D. ("Dr. Green") and InPhyNet

Hospital Services, Inc. ("InPhyNet"), by counsel, David L. Shuman, Karen Tracy

**8**

McElhinny and Shuman, McCuskey & Slicer, PLLC, and in answer to the Amended
Complaint of Plaintiffs, states as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim for which relief can be granted
against these Defendants.

### SECOND DEFENSE

These Defendants shall rely on the defenses of comparative fault, contributory
negligence, assumption of the risk, intervening cause, preexisting cause, and any and all
defenses established by the evidence herein.

### THIRD DEFENSE

The Medical Professional Liability Act, § 55-7B-1, et seq. and § 55-7B-5, et seq.
of the West Virginia Code, as amended, contain certain limitations of action and
limitations of liability, as well as certain affirmative defenses, all of which these
Defendants affirmatively assert as defenses to the Amended Complaint of the Plaintiffs
filed herein, including the limitation of non-economic damages, all other affirmative
defenses set forth in the act, and the acts provisions governing joint and several liability.

### FOURTH DEFENSE

The alleged damages and injuries, if any, of the Plaintiffs were not due to the failure
on the part of these Defendants to comply with the standard of care and were, indeed, due
to natural disease process.

## FIFTH DEFENSE

In response to the allegations contained in the Plaintiffs' Amended Complaint, these Defendants respond as follows:

1.    Defendants Dr. Green and InPhyNet have insufficient information to assess the validity of the allegations contained in Paragraph 1 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

2.    Defendants Dr. Green and InPhyNet have insufficient information to assess the validity of the allegations contained in Paragraph 2 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

3.    Defendants Dr. Green and InPhyNet have insufficient information to assess the validity of the allegations contained in Paragraph 3 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

4.    Defendants Dr. Green and InPhyNet have insufficient information to assess the validity of the allegations contained in Paragraph 4 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

5.    Defendants Dr. Green and InPhyNet admit the allegations contained in Paragraph 5 of the Amended Complaint.

6.    Defendants Dr. Green and InPhyNet have insufficient information to assess the validity of the allegations contained in Paragraph 6 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

3

7.      Defendants Dr. Green and InPhyNet admit the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Defendants Dr. Green and InPhyNet admit the allegations contained in Paragraph 8 of the Amended Complaint.

9.      Defendants Dr. Green and InPhyNet admit the allegations contained in Paragraph 9 of the Amended Complaint that some of the actions alleged in the Amended Complaint occurred at Charleston Area Medical Center, Women's and Children's Division Emergency Department in Charleston, Kanawha County. However, these Defendants deny that these actions took place on April 30, 2002. Additionally, Defendants Dr. Green and InPhyNet have insufficient information to assess the allegations contained in Paragraph 9 of the Amended Complaint that all actions taken herein occurred at the Community Health Foundation of Man, Logan County, on or about April 25, 2000.

10.     Defendants Dr. Green and InPhyNet admit the allegations contained in Paragraph 10 of the Amended Complaint.

11.     The allegations contained in Paragraph 11 of the Amended Complaint call for a legal conclusion and therefore do not require a response.

12.     The allegations contained in Paragraph 12 of the Amended Complaint call for a legal conclusion and therefore do not require a response.

4

13.     Defendants Dr. Green and InPhyNet have insufficient information to assess the validity of the allegations contained in Paragraph 13 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

14.     Defendants Dr. Green and InPhyNet have insufficient information to assess the validity of the allegations contained in Paragraph 14 of the Amended Complaint and therefore deny the same and demand strict proof thereof.

## COUNT I

15.     Paragraphs 1 through 14 of Defendants Dr. Green and InPhyNet's Answer are incorporated by reference hereto as if set forth verbatim hereinafter.

16.     Defendants Dr. Green and InPhyNet have insufficient information to assess the validity of the allegations contained in Paragraph 16, Count I of the Amended Complaint and therefore deny the same and demand strict proof thereof.

17.     Defendants Dr. Green and InPhyNet admit the allegations contained in Paragraph 17, Count I of the Amended Complaint.

18.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 18, Count I of the Amended Complaint and demand strict proof thereof.

19.     Defendants Dr. Green and InPhyNet admit the allegations contained in Paragraph 19, Count I of the Amended Complaint that Dr. Plaridel Tordilla had previously treated Trevor Kennedy.  However, Defendants Dr. Green and InPhyNet have

5

insufficient information to assess the veracity of the remaining allegations contained in Paragraph 19, Count I of the Amended Complaint and therefore deny the same and demand strict proof thereof.

20. Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 20, Count I, and all of its subparts, of the Amended Complaint and demand strict proof thereof.

21. Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 21, Count I of the Amended Complaint and demand strict proof thereof.

22. Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 22, Count I of the Amended Complaint and demand strict proof thereof.

23. Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 23, Count I of the Amended Complaint and demand strict proof thereof.

## COUNT II

24. Defendants Dr. Green and InPhyNet incorporate Paragraphs 1 through 23 of their Answer by reference hereto as if set forth verbatim hereinafter.

25. Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 25, Count II, and all of its subparts, of the Amended Complaint and demand strict proof thereof.

26.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 26, Count II of the Amended Complaint and demand strict proof thereof.

27.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 27, Count II of the Amended Complaint and demand strict proof thereof.

28.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 28, Count II of the Amended Complaint and demand strict proof thereof.

## COUNT III

29.     Defendants Dr. Green and InPhyNet incorporate by reference Paragraphs 1 through 28 of their Answer hereto as if set forth verbatim hereinafter.

30.     Defendants Dr. Green and InPhyNet admit the allegations contained in Paragraph 30, Count III, of the Amended Complaint.

31.     Defendants Dr. Green and InPhyNet admit that Dr. Gordon J. Green was a physician responsible for the care and treatment of Trevor Kennedy at Charleston Area Medical Center, Women's and Children's Hospital on or about April 30, 2000.

32.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 32, Count III of the Amended Complaint and demand strict proof thereof.

33.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 33, Count III of the Amended Complaint and demand strict proof thereof.

7

34.    Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 34, Count III, and all of its subparts, of the Amended Complaint and demand strict proof thereof.

35.    Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 35, Count III of the Amended Complaint and demand strict proof thereof.

36.    Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 36, Count III of the Amended Complaint and demand strict proof thereof.

37.    Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 37, Count III of the Amended Complaint and demand strict proof thereof.

## COUNT IV

38.    Defendants Dr. Green and InPhyNet incorporate by reference Paragraph 1 through 37 of their Answer to the Amended Complaint by reference hereto as if set forth verbatim hereinafter.

39.    Defendants Dr. Green and InPhyNet have insufficient information to assess the validity of the allegations pertaining to Charleston Area Medical Center, Women's and Children's Hospital, Inc. contained in Paragraph 39, Count IV, of the Amended Complaint and demand strict proof thereof. With respect to all allegations contained in Paragraph 39 and its subparts which pertain to InPhyNet and/or Dr. Green, InPhyNet and Dr. Green specifically deny and demand strict proof thereof.

8

40.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 40, Count IV of the Amended Complaint and demand strict proof thereof.

41.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 41, Count IV of the Amended Complaint and demand strict proof thereof.

42.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 42, Count IV of the Amended Complaint and demand strict proof thereof.


## COUNT V

43.     Defendants Dr. Green and InPhyNet incorporate by reference Paragraphs 1 through 42 of their Answer to the Amended Complaint by reference hereto as if set forth verbatim hereinafter.

44.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 44, Count V of the Amended Complaint and demand strict proof thereof.

45.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 45, Count V of the Amended Complaint and demand strict proof thereof.

46.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 46, Count V of the Amended Complaint and demand strict proof thereof.

47.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 47, Count V of the Amended Complaint and demand strict proof thereof.

48.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 48, Count V of the Amended Complaint and demand strict proof thereof.

## COUNT VI

49.     Defendants Dr. Green and InPhyNet incorporate by reference Paragraphs 1 through 48 of their Answer to the Amended Complaint by reference hereto as if set forth verbatim hereinafter.

50.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 50, Count VI of the Amended Complaint and demand strict proof thereof.

51.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 51, Count VI of the Amended Complaint and demand strict proof thereof.

52.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 52, Count VI of the Amended Complaint and demand strict proof thereof.

53.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 53, Count VI of the Amended Complaint and demand strict proof thereof.

54.     Defendants Dr. Green and InPhyNet deny the allegations contained in Paragraph 54, Count VI of the Amended Complaint and demand strict proof thereof.

55.     Defendants Dr. Green and InPhyNet Hospital Services, Inc. specifically deny all the allegations contained in the "WHEREFORE" clause of the Amended Complaint and specifically deny that Plaintiffs are entitled to any amounts whatsoever.

10

56.    Defendants Dr. Green and InPhyNet Hospital Services, Inc. deny all allegations contained in Plaintiffs' Amended Complaint not specifically admitted herein.

**WHEREFORE**, having fully responded to the Plaintiff's Amended Complaint, Defendants Gordon J. Green and InPhyNet Hospital Services, Inc. hereby pray that this action be dismissed with prejudice and that these Defendants be awarded their costs expended herein including reasonable attorney's fees.

                                        **GORDON J. GREEN AND INPHYNET**
                                        **HOSPITAL SERVICES, INC.**

                                        By counsel.

**SHUMAN, McCUSKEY & SLICER, PLLC**
1411 Virginia Street East, Suite 200
Post Office Box 3953
Charleston, West Virginia 25339
(304) 345-1400
(304) 343-1826 facsimile

By: _____
        David L. Shuman    WVSB No. 3389
        Karen Tracy McElhinny WVSB No. 7517

11

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PENNY KENNEDY,
RAYMOND KENNEDY
Individually and as guardians
and next friends of TREVOR KENNEDY,
an infant under the age of eighteen

        Plaintiffs,

v.                                    CIVIL ACTION NO. 2:03-0175
                                    Charles Haden, II, Judge

UNITED STATES OF AMERICA,
COMMUNITY HEALTH FOUNDATION
OF MAN, WEST VIRGINIA, INC., and
DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF
WEST VIRGINIA, d/b/a WOMEN AND CHILDREN'S
HOSPITAL, d/b/a CAMC CHILDREN'S HOSPITAL,
d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC
WOMEN AND CHILDREN'S HOSPITAL,
INPHYNET HOSPITAL SERVICES, INC.,
a foreign corporation, doing business
IN the state of West Virginia, and DR. GORDON J. GREEN,
individually,

        Defendants.

## CERTIFICATE OF SERVICE

I, David L. Shuman/Karen Tracy McElhinny do here by certify that I served true and
exact copies of the foregoing **Answer of InPhyNet Hospital Services, Inc. and Dr.
Gordon J. Green** on all counsel of record via the United States Postal Service in a stamped
envelope addressed as follows:

Pamela A. Lambert, Esquire (2128)
Lambert and New
P.O. Drawer 926
Gilbert WV 25621
  *Counsel for Plaintiffs*

Samuel A. Hrko, Esquire (7727)
The Segal Law Firm
810 Kanawha Boulevard, East
Charleston WV 25301
  *Co-Counsel for Plaintiffs*

Cheryl Eifert, Esquire
Office of the General Counsel
P.O. Box 3669
Charleston, WV 25336
    *Counsel for Charleston Area Medical Center*

Stephen M. Horn, Esquire
Assistant United States Attorney
P.O. Box 1713
Charleston, WV 25326
  *Counsel for United States*

Dated this _23rd_ day of July, 2003.

_____
David L. Shuman, Esq. (WVSB 3389)
Karen Tracy McElhinny, Esq. (WVSB #7517)

2