IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

PENNY KENNEDY, and
RAYMOND KENNEDY, individually
and as guardians and next
friends of
TREVOR KENNEDY, an infant
under the age of eighteen,

       Plaintiffs,

v.                          CIVIL ACTION NO. 2:03-0175

UNITED STATES OF AMERICA;
COMMUNITY HEALTH FOUNDATION OF
MAN, WEST VIRGINIA, INC., and
PLARIDEL TORDILLA, individually,

       Defendants.

RECEIVED

JUL 2 5 2003

SAMUEL L. KAY, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

MEMORANDUM OF LAW IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS
COUNT VI OF THE AMENDED COMPLAINT AGAINST THE
UNITED STATES FOR LACK OF SUBJECT MATTER JURISDICTION

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and

2671-2680, generally incorporates the law of the state where the

tort is allege to have occurred. Bellomy v. United States, 888 F.

Supp. 760, 763-64. Accordingly, the substantiative law of West

Virginia law will apply to this medical professional liability

action. In West Virginia, medical professional liability is

defined as ". . . any liability for damages resulting from the

death or injury of a person for any tort or breach of contract . .

." W. Va. Code § 55-7B-2. Thus, a medical professional liability

10

action may proceed as either a tort or breach of contract. In paragraph VI of the Amended Complaint, plaintiffs allege damages based upon breach of contract or implied warranty. Plaintiffs further assert that the damages sought exceed the district court's jurisdictional limit. Presumably, plaintiffs are referring to the $75,000 "amount in controversy" required for diversity jurisdiction (28 U.S.C. § 1332), as there is no amount in controversy requirement for FTCA actions. 28 U.S.C. § 1346(b).[1]

There are jurisdictional ramifications for plaintiffs' alleged a breach of contract or implied warranty claim. The district court may retain jurisdiction of a true contract claim only where the amount sought does not exceed ten thousand dollars. 28 U.S.C. § 1346(b)(commonly referred to as the "Little Tucker Act"). For a contract claim in excess of that amount, such as alleged by plaintiffs, it must be brought in the Court of Federal Claims. 28 U.S.C. § 1491. This is the case even if the contract claim alleges a tortious breach. Schweiger Constr. Co. v. United States, 49 Fed. Cl. 188 (2001).

---

[1] In FTCA actions a plaintiff's recovery is limited to the amount claimed in the SF-95 or Administrative Claim, absent proof of newly discovered evidence. 28 U.S.C. § 2675. Plaintiffs' Administrative Claim is in the amount of $5 million. (See Ex. A).

2

Furthermore, while the rules of pleading may allow plaintiffs to plead their case as either tort or breach of contract, Congress did not intend that such claims be cognizable under both the Tucker Act (or Little Tucker Act) and the FTCA. United States v. Drinkwater, 434 F. Supp. 457, 461 (E.D. Va., Norfolk Div., 1977)(tort and taking claims discussed). Thus, in resolving the jurisdictional issue, the court must decide whether plaintiffs' claim is essentially a tort or a contract. Karlen v. United States, 727 F. Supp. 544, 546 (D.S.D. 1989). As the court in Karlen explained:

> To determine whether a case against the United States presents a tort claim actionable in a district court under the FTCA and § 1346(b) or a Tucker Act claim with restricted district court jurisdiction under § 1346(a), a court should conduct a three step analysis: 1) categorizing the case as a tort, contract, or property action, or some combination thereof; 2) examining whether the Tucker Act rather than the FTCA truly provides the remedy for the action; and 3) determining if any special considerations in the case affect proper categorization.

Karlen at 546. The test for Federal Court of Claims jurisdiction is whether there has been a tortious breach of contract rather than a tort independent of contract. Gregory Lumber Co. v. United States, 9 Cl. Ct. 503 (1986), and H.H.O., Inc. v. United States, 7 Cl. Ct. 703 (1985).

3

Plaintiffs allege that this is an FTCA action and filed an administrative tort claim. 28 U.S.C. § 2675. (Ex. A.) Thus, applying the <u>Karlen</u> standards, plaintiffs claims are torts independent of any contract.[2] Accordingly, the court is without jurisdiction to hear plaintiffs beach of contract claim against the United States. Accordingly, the court must dismiss Count VI of the Amended Complaint against the United States for want of subject matter jurisdiction.

Respectfully submitted,

KASEY WARNER
United States Attorney

By:

STEPHEN M. HORN
Assistant United States Attorney
P.O. Box 1713
Charleston, WV  25326
(304) 345-2200

_____

[2] There is no administrative claim requirement for Tucker Act or Little Tucker Act jurisdiction.

4

JUL-24-03  11:49  From:                                                    T-784  P.02/05  Job-323

# CLAIM FOR DAMAGE, INJURY, OR DEATH

| INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 8-31-91 |
|---|---|

**1. Submit To Appropriate Federal Agency:**

Claims Branch, PSC
Room 5C-10, Parklawn Building
5600 Fishers Lane
Rockville, Maryland  20857

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)**

Lambert & New, Pamela A. Lambert
P.O. Drawer 926, Gilbert, W.V.
Ph: 304-664-3096
Fx: 304-664-8640

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| MILITARY  CIVILIAN | 4/3/98 | Single | April 11 2000 | |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof.) (Use additional pages if necessary.)

See attached letter and complaint

Penny, Raymond &
HC 67 Box 138   Kennedy
Simon, WV.
24882

**9.** 

PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

n/a

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

**10.**

PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See attached sheet & complaint

**11.** WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

**12.** (See instructions on reverse.)  AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | $ 95,000,000 | | 5,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Pamela XX Lambert   LAMBERT & NEW | 304-664-3096 | April 11 2000 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-109
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

RECEIVED 2002 JUN 4 A 6 46 PSC CLAIMS BRANCH ROOM 5C-10 ROCKVILLE MD

RECEIVED 2002 MAY 29 P 2:01 PSC CLAIM BRANCH ROOM 5C-10 ROCKVILLE, MD



GOVERNMENT EXHIBIT

JUL-24-03  11:49  From:

T-784  P.03/05  Job-323

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished upon request by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden, to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC  20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| | |
|---|---|
| 15.  Do you carry accident insurance?   Yes, if you give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. | No |

## No property damage. Only personal injury.

| |
|---|
| 16.  Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17.  If deductible, state amount. |

| |
|---|
| 18.  If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts) |

| |
|---|
| 19.  Do you carry public liability and property damage insurance?   Yes, if yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) |

PSC CLAIMS BRANCH
ROOM 5C-101
ROCKVILLE, MD

2003 MAY 29 P 01
RECEIVED

SF 95 (Rev. 7-85) BACK

* U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Program Support Center
Division of Acquisition Management, AOS

Claims Branch
Room 5C-10, Parklawn Building
5600 Fishers Lane
Rockville, Maryland 20857    6/10/0?

maul- Send far
a copy

May 30, 2002

**Refer to: 02-0305**

**CERTIFIED - RETURN RECEIPT REQUESTED**

Pamela A. Lambert, Esquire
LAMBERT & NEW
P.O. Drawer 926
Gilbert, West Virginia 25621

      RE: **Penny and Raymond Kennedy, as the natural parents
         of Trevor Kennedy, minor**

Dear Ms. Lambert:

This will acknowledge receipt of your clients' claim and medical
records for personal injury as the result of medical treatment
rendered Trevor Kennedy by physicians at the Community Health
Foundation of Man, West Virginia in April 2000.  Your clients'
claim was received in this office on May 29, 2002 for consideration
and reply.

The Community Health Foundation of Man, West Virginia was deemed
eligible for Federal Tort Claims Act coverage July 1, 1996.

We are returning the enclosed claim form to you so that your
clients' names can be entered in item number two and a total amount
can be entered in item number 12d.  Please return the completed
claim form to this office at the address listed above.

Please furnish this office with any additional information or
evidence you believe is pertinent to the allegations contained in
the claim.

When our review is completed, the claim will be forwarded to the
Office of the General Counsel in Washington, D.C. for a final
determination.  You will be notified in writing when the claim is
transferred.



# DEPARTMENT OF HEALTH AND HUMAN SERVICES
## OFFICE OF THE GENERAL COUNSEL
### General Law Division
### Room 4760 Cohen Building
### 330 Independence Ave., S.W.
### Washington, D.C. 20201

Facsimile Transmission Sheet

TO: 3taue Horn

FROM: Ada Stark

PHONE:

FAX:

Total Pages

4 plus cover

Fax Number:

Date: July 24, 2003

The attached information is CONFIDENTIAL and is intended only for the use of the addressee(s) identified above. If the reader of this message is not the intended recipient(s) or the employee or agent responsible for delivering the message to the intended recipient(s), please note that any dissemination, distribution or copying of the communication is strictly prohibited. Anyone who receives this communication in error should notify us immediately by telephone (202-619-0150) and return the original message to us at the address above via U.S. Mail. Thank you.

SENT BY:                    7-24- 3 ;    9:32 ;        DHHS OGC BAL→        304 347 5443;# 2/13

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 6-30-01 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Claims Branch, PSC<br>Room 5C-10, Parklawn Building<br>5600 Fishers Lane<br>Rockville, Maryland  20857 | Lambert & New, Pamela A. Lambert<br>P.O. Drawer 926, Gilbert, W.V., 2<br>Ph: 304-664-3096<br>Fx: 304-664-8640 |

| 3. TYPE OF EMPLOYMENT<br>MILITARY   CIVILIAN | 4. DATE OF BIRTH<br>4/3/98 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>April 2000 | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See attached letter and complaint

PSC CLAIMS BRANCH<br>ROOM 5C-10<br>ROCKVILLE, MD

RECEIVED<br>2002 MAY 29 P 2: 2

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

n/a

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

See attached sheet & complaint

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | ±¯$5,000,000 *True | damages have not been determined yet | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>Pamela A. Lambert, Lambert & New | 13b. Phone number of signatory<br>304-664-3096 | 14. DATE OF CLAIM<br>April 2000 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |

95-108                          NSN 7540-00-634-4046
Previous editions not usable

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

SENT BY:                    7-24- 3 ;   9:32 ;      DHHS OGC BAL→         304 347 5443;# 3/13

IN THE CIRCUIT COURT OF LOGAN COUNTY, WEST VIRGINIA

PENNYKENNEDY,
RAYMOND KENNEDY
Individually and as the Legal Guardians
and natural parents of
TREVOR KENNEDY

                                                          PLAINTIFFS

v.

                                CIVIL ACTION NO. _____

COMMUNITY HEALTH FOUNDATION of MAN,
WEST VIRGINIA, INC., and DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF WEST VIRGINIA,
d/b/a WOMEN AND CHILDREN'S HOSPITAL d/b/a CAMC CHILDREN'S
HOSPITAL, d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC WOMEN
AND CHILDREN'S HOSPITAL, NEW CENTURY EMERGENCY
PHYSICIANS, INC., W.V., a West Virginia Corporation, INPHYNET
HOSPITAL SERVICES, INC., a foreign corporation, doing business in
the state of West Virginia, and
DR. GORDON J. GREEN, individually

                                                          DEFENDANTS

## COMPLAINT

Comes now the Plaintiffs, Penny Kennedy and Raymond
Kennedy, individually and as the legal guardians and natural
parents of Trevor Kennedy, and complains against the Defendants,
Community Health Foundation of Man, West Virginia, Inc., Dr.
Plaridel Tordilla, Charleston Area Medical Center, Inc., d/b/a
Women and Children's Hospital of West Virginia, d/b/a Women and
Children's Hospital, d/b/a CAMC Children's Hospital, d/b/a CAMC
Women's Hospital, d/b/a CAMC Women and Children's Hospital,
New Century Emergency Physicians Inc., W.V., a West Virginia
Corporation, INPHYNET Hospital Services, Inc., a foreign
corporation, doing business in the state of West Virginia, and Dr.
Gordon J. Green, jointly and severally, as follows:

## COUNT I

1.     At all times relevant herein, the Plaintiffs were residents of Simon , Wyoming County, West Virginia and Penny and Raymond Kennedy are the parents of Trevor Kennedy.

2.     At all times relevant herein, the Defendant, Community Health Foundation, a West Virginia corporation, has its principal place of business in Man, W.V., providing health care services to the public and the plaintiff, Trevor Kennedy and its agent for service of process is Charles D. Williamson, 600 East McDonald Ave., Man, W.V., 25635.

3.     At all times relevant herein, the Defendant, Charleston Area Medical Center, a West Virginia corporation, has its principal place of business in Charleston, W.V., and owned, operated and conducted business as Women and Children's Hospital of West Virginia, Women and Children's Hospital, CAMC Women's Hospital, CAMC Children's Hospital, CAMC Women and Children's Hospital, in Charleston, Kanawha County, W.V., providing health care services to the public, including the Plaintiff, Trevor Kennedy, and it's agent for service of process is Marshall A. McMullen Jr., P.O. Box 3669, Charleston, W.V., 25336.

3.     At all times relevant herein, New Century Emergency Physicians, Inc., W.V., a West Virginia corporation, has its principal place of business in Charleston, W.V., its agent for service of process is December Harper, 8111 Timberlodge Trail, Dayton, Ohio, 45458, and/or InPhyNet Hospital Services Inc., a foreign corporation conducted business in West Virginia, its agent for service of process is, Corporate Service Company, 1600 Laidley Tower, Charleston, W.V., 25301,  and contracted physicians to Charleston Area Medical Center, including, Dr. Gordon J. Green.

4.     At all times relevant herein, the Plaintiff's allege that the defendant, Dr. Plaridel Tordilla, was a resident of Man, Logan County, West Virginia.

5.     At all times relevant herein, the Plaintiff's allege that the defendant, Dr. Gordon J. Green, was a resident of  Charleston, Kanawha County, West Virginia.

SENT BY:          7-24- 3 ;   9:33 ;     DHHS OGC BAL→        304 347 5443;# 5/13

6. The Plaintiffs allege the Defendants are duly authorized health care providers as defined by WV Code 55-7B-2(c).

7. The Plaintiffs allege that all actions taken herein ocurred at the Community Health Foundation at Man, Logan County, on or about April 25, 2000.

8. The Plaintiffs allege that all actions taken herein ocurred at the Charleston Area Medical Center Women and Children's Hospital Emergency Room, in Charleston, Kanawha County, on or about April 30, 2002.

WHEREFORE, jurisdiction and venue are proper in the Circuit Court of Logan County, West Virginia.

## COUNT II

9. The Plaintiffs reallege each and every allegation contained in Count I of the Complaint as if herein set forth in extenso.

10. The Plaintiffs allege that the Defendant, Dr. Plaridel Tordilla represents himself as a medical doctor and a pediatrician qualified to do pediatric care.

11. The Plaintiffs allege that the Defendant, Dr. Plaridel Tordilla, was the primary pediatrician responsible for the care and treatment of Trevor Kennedy.

12. The Plaintiffs allege that the Defendant, Dr. Plaridel Tordilla, deviated from the medical standard of care and was negligent in evaluating the paying Plaintiffs son, Trevor Kennedy, and in fact failed to fully examine and evaluate Trevor Kennedy in light of the presenting medical complaints.

13. The Plaintiffs allege that the Defendant, Dr. Plaridel Tordilla, had previously treated Trevor Kennedy and was fully aware of and had full and complete knowledge of his prior medical history and failed to appreciate the seriousness of the plaintiffs presenting problems.

SENT BY:                    7-24- 3 ;    9:33 ;      DHHS OGC BAL→        304 347 5443;# 6/13

14. The Plaintiffs allege that the Defendant, Dr. Plaridel Tordilla, further deviated from the medical standard of care and was negligent in the following, but not limited to only, the following ways:

a. Failed to timely recognize, diagnose and appropriately treat and care for Trevor Kennedy;

b. Failed to adequately monitor, supervise and investigate the medical condition of Trevor Kennedy;

c. Failed to timely and properly examine and/or complete all the necessary and prudent examinations of Trevor Kennedy;

d. Failed to take timely and appropriate action to investigate the complaints of the Plaintiffs and their son, Trevor Kennedy;

e. Failed to timely and properly investigate the physical condition of Trevor Kennedy while he was presenting for care at Community Health Foundation of Man.

f. Failed to consult with appropriate medical and other neurosurgical specialists and/or take appropriate steps to assure that proper medical care was rendered to Trevor Kennedy;

g. Failed to timely refer the Plaintiffs to the proper specialists and facilities;

h. Failed to timely respond with the appropriate examinations, evaluations and treatment of Trevor Kennedy;

i. Other negligent and careless treatment provided to Trevor Kennedy;

j. Failed to have the proper equipment and properly trained personnel available to assist in Trevor Kennedy's care and treatment

k. Failed to properly examine and investigate the "extreme pain and inability to walk" of Trevor Kennedy.

15. As a direct and proximate result of the deviation from the standard of care and the negligence of the Defendant, Dr. Plaridel Tordilla, Trevor Kennedy, suffered extreme pain, partial paralysis and the possibility of a shortened life span at the age of two.

## COUNT III

16. The Plaintiffs reallege each and every allegation contained in Count I & II of the Complaint as if herein set forth in extenso.

17. The Plaintiffs allege that, the Defendants, Community Health Foundation of Man, West Virginia, Inc., represents itself as a medical treatment facility with pediatric facilities, and acting by and through its agents, ostensible agents, servants and/or employees within the scope of their agency, ostensible agency and/or employment deviated from the applicable standard of medical care and was negligent in regard to their medical care of Trevor Kennedy, in the following ways, among others:

a. Failed to timely recognize, diagnose and appropriately treat and care for Trevor Kennedy;

b. Failed to adequately monitor, supervise and investigate the medical condition of Trevor Kennedy;

c. Failed to timely and properly examine and/or complete all the necessary and prudent examinations of Trevor Kennedy;

d. Failed to take timely and appropriate action to investigate the complaints of the Plaintiffs and the Plaintiffs son, Trevor Kennedy;

e. Failed to timely and properly investigate the physical condition of Trevor Kennedy during his visits at the pediatric clinic;

f. Failed to consult with appropriate medical and neurosurgical specialists and/or take appropriate steps to assure that proper medical care was rendered to Trevor Kennedy;

g. Failed to timely refer the Plaintiffs son, Trevor Kennedy, to the proper specialists and facilities;

SENT BY:          7-24- 3 ;    9:34 ;        DHHS OGC BAL→        304 347 5443;# 8/13

h. Failed to timely respond with the appropriate examinations, evaluations and treatment of Trevor Kennedy;

i. Other negligent and careless treatment provided to Trevor Kennedy;

j. Failed to have the proper equipment and properly trained personnel available to assist in Trevor Kennedy's care and treatment;

18. As a direct and proximate result of the deviation from the standard of care and negligence of this Defendant, Trevor Kennedy suffered extreme pain, partial paralysis and the possibility of a shortened life span at the age of two.

<u>COUNT IV</u>

19. The Plaintiffs reallege each and every allegation contained in Count I-III of the Complaint as if herein set forth in extenso.

20. The Plaintiffs allege that the Defendant, Dr. Gordon J. Green, New Century Emergency Physicians Inc., and InPhyNet Hospital Services Inc., represents Dr. Gordon J. Green, as a medical doctor and an emergency room physician qualified to do emergency care.

21. The Plaintiffs allege that the Defendant, Dr. Gordon J. Green, was the primary physician responsible for the care and treatment of Trevor Kennedy while at Charleston Area Medical Center, Women and Children's Hospital on or about April 30, 2000.

22. The Plaintiffs allege that the Defendant, Dr. Gordon J. Green, deviated from the medical standard of care and was negligent in evaluating the paying Plaintiffs son, Trevor Kennedy, and in fact failed to fully examine and evaluate Trevor Kennedy in light of the presenting medical complaints.

23. The Plaintiffs allege that the Defendant, Dr. Gordon J. Green, was fully aware that this was not the first time the plaintiff

SENT BY:                    7-24- 3 ;    9:35 ;    DHHS OGC BAL→         304 347 5443;# 9/13

sought medical care for the presenting problem, and failed to appreciate the seriousness of the plaintiffs presenting problems.

24. The Plaintiffs allege that the Defendant, Dr. Gordon J. Green, further deviated from the medical standard of care and was negligent in the following, but not limited to only, the following ways:

a. Failed to timely recognize, diagnose and appropriately treat and care for Trevor Kennedy;

b. Failed to adequately monitor, supervise and investigate the medical condition of Trevor Kennedy;

c. Failed to timely and properly examine and/or complete all the necessary and prudent examinations of Trevor Kennedy;

d. Failed to take timely and appropriate action to investigate the complaints of the Plaintiffs and their son, Trevor Kennedy;

e. Failed to timely and properly investigate the physical condition of Trevor Kennedy while he was presenting for care at Charleston Area Medical Center, Women and Children's Hospital Emergency Room.

f. Failed to consult with appropriate medical and other neurosurgical specialists and/or take appropriate steps to assure that proper medical care was rendered to Trevor Kennedy;

g. Failed to timely refer the Plaintiffs son, Trevor Kennedy, to the proper specialists and facilities;

h. Failed to timely respond with the appropriate examinations, evaluations and treatment of Trevor Kennedy;

i. Other negligent and careless treatment provided to Trevor Kennedy;

j. Failed to have the proper equipment and properly trained personnel available to assist in Trevor Kennedy's care and treatment;

k. Failed to properly examine and investigate the "extreme pain and inability to walk" of Trevor Kennedy.

25. As a direct and proximate result of the deviation from the standard of care and the negligence of the Defendant, Dr. Gordon J. Green, Trevor Kennedy, suffered extreme pain, partial paralysis and the possibility of a shortened life span at the age of two.

## COUNT V

26. The Plaintiffs reallege each and every allegation contained in Count I-IV of the Complaint as if herein set forth in extenso.

27. The Plaintiffs allege that, the Defendants, Charleston Area Medical Center, Women and Children's Hospital Inc., represents itself as a medical treatment facility with a specialty in pediatric facilities, and acting by and through its agents, ostensible agents, servants and/or employees within the scope of their agency, ostensible agency and/or employment deviated from the applicable standard of medical care and was negligent in regard to their medical care of Trevor Kennedy, in the following ways, among others:

a. Failed to timely recognize, diagnose and appropriately treat and care for Trevor Kennedy;

b. Failed to adequately monitor, supervise and investigate the medical condition of Trevor Kennedy;

c. Failed to timely and properly examine and/or complete all the necessary and prudent examinations of Trevor Kennedy;

d. Failed to take timely and appropriate action to investigate the complaints of the Plaintiffs and the Plaintiffs son, Trevor Kennedy;

e. Failed to timely and properly investigate the physical condition of Trevor Kennedy during his stay in the emergency room;

f. Failed to consult with appropriate medical and neurosurgical specialists and/or take appropriate steps to assure that proper medical care was rendered to Trevor Kennedy;

g. Failed to timely refer the Plaintiffs son, Trevor Kennedy, to the proper specialists and facilities;

h. Failed to timely respond with the appropriate examinations, evaluations and treatment of Trevor Kennedy;

i. Other negligent and careless treatment provided to Trevor Kennedy;

j. Failed to have the proper equipment and properly trained personnel available to assist in Trevor Kennedy's care and treatment;

28. As a direct and proximate result of the deviation from the standard of care and negligence of this Defendant, Trevor Kennedy suffered extreme pain, partial paralysis and the possibility of a shortened life span at the age of two.

## COUNT VI

29. The Plaintiffs reallege each and every allegation of Count I-V as if herein set forth in extenso.

30. The Plaintiffs allege that as a direct and proximate result of the deviation from the standard of care and the negligence of the Defendants that they watched as Trevor Kennedy was in extreme pain and was unable to function his lower body and/or walk, he suffered from a delay in diagnosis of an Astro-Cytoma in his spine causing further pain, suffering, partial paralysis and a possible shortened life span.

SENT BY:                       7-24- 3 :    9:36 ;      DHHS OGC BAL→      304 347 5443;#12/13

31. The Plaintiffs allege that as a direct and proximate result of the Deviation from the standard of care and the negligence of the Defendants that their lives have been permanently and forever changed and damaged and that they no longer have the ability to enjoy life.

32. The Plaintiffs allege that as a direct and proximate result of the Deviation from the standard of care and the negligence of the Defendants that their son, Trevor, lost a chance at a normal life and faces the possibility of a shortened life span.

## COUNT VII

33. The Plaintiffs reallege each and every allegation contained in Count I-VI of the Complaint as if herein set forth in extenso.

34. The Plaintiffs allege that the Defendants each impliedly warranted and contracted with the Plaintiffs that the medical care and treatment rendered to the decedent would be of the proper degree, skill and by learned professionals with the proper equipment as that of a reasonably prudent health care provider in the dame or similar conditions as defined by the WV Code.

35. The Plaintiffs allege that the Defendants breached their implied warranty and contract and duty and negligently failed to exercise the degree of care, skill and learning required or expected of a reasonable, prudent health care provider in this class and under the same or similar conditions.

## COUNT VIII

36. The Plaintiffs reallege each and every allegations of Count I-VII of the Complaint as if herein set forth in extenso.

WHEREFORE, the Plaintiffs, do hereby demand judgement against the Defendants, jointly and severally, as follows:

A. Compensatory damages in excess of this Honorable Court's minimum jurisdiction,

B. Punitive damages

C. Prejudgement and Postjudgement interest

D. Attorney fees, court costs and

E. Any and all other reasonable costs and expenses this Honorable Court may deem proper and just.

## THE PLAINTIFFS DEMAND A TRIAL BY JURY

PENNY KENNEDY, RAYMOND
KENNEDY AND TREVOR
KENNEDY,
BY COUNSEL,

PAMELA A. LAMBERT #2128
LAMBERT AND NEW
P.O. DRAWER 926
GILBERT, W.V., 25621
304-664-3096

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing "UNITED STATES' MOTION TO DISMISS COUNT VI OF THE AMENDED COMPLAINT AGAINST THE UNITED STATES FOR LACK OF SUBJECT MATTER JURISDICTION" and "MEMORANDUM OF LAW IN SUPPORT" was made this 25th day of July, 2003, by mailing a true copy properly addressed thereof to the following:

Scott S. Segal, Esq.
Samuel A. Hrko, Esq.
The Segal Law Firm
810 Kanawha Blvd, East
Charleston, WV 25301

Pamela A. Lambert, Esq.
Lambert & New
P.O. Drawer 926
Gilbert, WV 25621

Cheryl Eifort, Esquire
Charleston Area Medical Center
Office of General Counsel
501 Morris Street
P.O. Box 3669
Charleston, WV 25336

David E. Schumacher, Esquire
Schumacher, Francis and Nelson
1600 Kanawha Valley Building
300 Capitol Street
P.O. Box 3029
Charleston, WV 25331

Karen Tracy McElhinny
Shuman, McCuskey and Slicer, PLLC
1411 Virginia Street, East, Suite 200
Charleston, WV 25301

STEPHEN M. HORN
Assistant United States Attorney