IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

PENNY KENNEDY,
RAYMOND KENNEDY
Individually and as guardians
and next friends of TREVOR KENNEDY,
an infant under the age of eighteen,

AUG – 8 2003

SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Court
Southern District of West Virginia

    PLAINTIFFS

    v.

CIVIL ACTION NO. 2:03-0175
Charles Haden, II, Judge

UNITED STATES OF AMERICA,
COMMUNITY HEALTH FOUNDATION
OF MAN, WEST VIRGINIA, INC., AND
DR. PLARIDEL TORDILLA, individually,
CHARLESTON AREA MEDICAL CENTER, INC.,
d/b/a WOMEN AND CHILDREN'S HOSPITAL OF
WEST VIRGINIA, d/b/a WOMEN AND CHILDREN'S
HOSPITAL, d/b/a CAMC CHILDREN'S HOSPITAL,
d/b/a CAMC WOMEN'S HOSPITAL, d/b/a CAMC
WOMEN AND CHILDREN'S HOSPITAL,
INPHYNET HOSPITAL SERVICES, INC.,
a foreign corporation, doing business
in the State of West Virginia, and DR. GORDON J. GREEN,
Individually,

    DEFENDANTS

### ANSWER OF DEFENDANT
### CHARLESTON AREA MEDICAL CENTER, INC.,
### INDIVIDUALLY, AND
### d/b/a WOMEN AND CHILDREN'S HOSPITAL,
### d/b/a CAMC CHILDREN'S HOSPITAL,
### d/b/a CAMC WOMEN'S HOSPITAL, AND
### d/b/a CAMC WOMEN AND CHILDREN'S HOSPITAL
### TO THE AMENDED COMPLAINT

**COMES** now defendant, Charleston Area Medical Center, Inc., individually, and

d/b/a Women and Children's Hospital, d/b/a CAMC Children's Hospital, d/b/a CAMC

*11*

Women's Hospital, d/b/a CAMC Women and Children's Hospital (collectively referred to as "CAMC"), by counsel, Cheryl A. Eifert and Dina M. Mohler, and answers the Amended Complaint as follows:

## INTRODUCTION

Pursuant to W.Va. Code § 56-4-29 and Johnson v. Huntington Moving & Storage, Inc. 160 W.Va. 796, 239 S.E. 2d 128 (1977), this Answer is also being asserted on behalf of Charleston Area Medical Center, Inc. d/b/a Women and Children's Hospital of West Virginia. This named party denies each and every allegation contained in the Amended Complaint, as it is not a properly registered fictitious name of Charleston Area Medical Center, Inc.

## FIRST DEFENSE

The Amended Complaint fails to state a claim against this defendant, which is compensible at law; therefore, the Amended Complaint should be dismissed against CAMC.

## SECOND DEFENSE

1.  Answering Paragraph 1 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

2.  Answering Paragraph 2 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

3.  Answering Paragraph 3 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

4.    Answering Paragraph 4 of the Amended Complaint, defendant admits that it is a West Virginia non-profit corporation, with its principal place of business in Charleston, West Virginia, and that it owns, operates and conducts business, in relevant part, as Women and Children's Hospital. Defendant further admits that it provides healthcare services to the public and that plaintiff, Trevor Kennedy, was a patient at CAMC. It also admits that its agent for service of process is Marshall A. McMullen, Jr. at the address listed in the Paragraph. Defendant denies the remaining allegations contained in said Paragraph.

5.    Answering Paragraph 5 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

6.    Answering Paragraph 6 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

7.    Answering Paragraph 7 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

8.    Answering Paragraph 8 of the Amended Complaint, defendant admits that it is an authorized healthcare provider as defined by WV Code § 55-7B-2(c). Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said Paragraph and demands strict proof thereof.

9. Answering Paragraph 9 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

10. Answering Paragraph 10 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

11. Answering Paragraph 11 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

12. Answering Paragraph 12 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

13. Answering Paragraph 13 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

14. Answering Paragraph 14 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

15. Answering Count I, Paragraph 15 of the Amended Complaint, defendant reasserts its answers to each and every allegation contained in Paragraphs 1 - 14 of the Amended Complaint as if fully set forth herein.

16.    Answering Count I, Paragraph 16 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

17.    Answering Count I, Paragraph 17 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

18.    Answering Count I, Paragraph 18 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

19.    Answering Count I, Paragraph 19 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

20.    Answering Count I, Paragraph 20 of the Amended Complaint, and all subsections thereto, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

21.    Answering Count I, Paragraph 21 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

22.    Answering Count I, Paragraph 22 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

23.   Answering Count I, Paragraph 23 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

24.   Answering Count II, Paragraph 24 of the Amended Complaint, defendant reasserts its answers to each and every allegation contained in Paragraphs 1 - 23 of the Amended Complaint as if fully set forth herein.

25.   Answering Count II, Paragraph 25 of the Amended Complaint, and all subsections thereto, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

26.   Answering Count II, Paragraph 26 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

27.   Answering Count II, Paragraph 27 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

28.   Answering Count II, Paragraph 28 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

29.   Answering Count III, Paragraph 29 of the Amended Complaint, defendant reasserts its answers to each and every allegation contained in Paragraphs 1 - 28 of the Amended Complaint as if fully set forth herein.

30. Answering Count III, Paragraph 30 of the Amended Complaint, defendant admits that Dr. Gordon J. Green is a licensed physician qualified to perform emergency services. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and demands strict proof thereof.

31. Answering Count III, Paragraph 31 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

32. Answering Count III, Paragraph 32 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

33. Answering Count III, Paragraph 33 of the Amended Complaint, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

34. Answering Count III, Paragraph 34 of the Amended Complaint, and all subsections thereto, defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and demands strict proof thereof.

35. Answering Count III, Paragraph 35 of the Amended Complaint, defendant denies the allegations contained therein.

36. Answering Count III, Paragraph 36 of the Amended Complaint, defendant denies the allegations contained therein.

37.   Answering Count III, Paragraph 37 of the Amended Complaint, defendant denies the allegations contained therein.

38.   Answering Count IV, Paragraph 38 of the Amended Complaint, defendant reasserts its answers to each and every allegation contained in Paragraphs 1 - 37 of the Amended Complaint as if fully set forth herein.

39.   Answering Count IV, Paragraph 39 of the Amended Complaint, and all subsections thereto, defendant admits that it is a medical treatment facility, which does offer services in pediatric medicine. Defendant denies that it, and its agents and employees, were negligent in the care and treatment of Trevor Kennedy and denies all of the remaining allegations of said Paragraph.

40.   Answering Count IV, Paragraph 40 of the Amended Complaint, defendant denies the allegations contained therein.

41.   Answering Count IV, Paragraph 41 of the Amended Complaint, defendant denies the allegations contained therein.

42.   Answering Count IV, Paragraph 42 of the Amended Complaint, defendant denies the allegations contained therein.

43.   Answering Count V, Paragraph 43 of the Amended Complaint, defendant reasserts its answers to each and every allegation of Paragraphs 1 - 42 of the Amended Complaint as if fully set forth herein.

44.   Answering Count V, Paragraph 44 of the Amended Complaint, defendant denies the allegations contained therein as they apply to this defendant, its agents and servants. Defendant is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in said paragraph and demands strict proof thereof.

45.     Answering Count V, Paragraph 45 of the Amended Complaint, defendant denies the allegations contained therein as they apply to this defendant, its agents and servants. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and demands strict proof thereof.

46.     Answering Count V, Paragraph 46 of the Amended Complaint, defendant denies the allegations contained therein as they apply to this defendant, its agents and servants. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and demands strict proof thereof.

47.     Answering Count V, Paragraph 47 of the Amended Complaint, defendant denies the allegations contained therein as they apply to this defendant, its agents and servants. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and demands strict proof thereof.

48.     Answering Count V, Paragraph 48 of the Amended Complaint, defendant denies the allegations contained therein as they apply to this defendant, its agents and servants. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and demands strict proof thereof.

49.   Answering Count VI, Paragraph 49 of the Amended Complaint, defendant reasserts it answers to each and every allegation in Paragraphs 1 - 48 of the Amended Complaint as if fully set forth herein.

50.   Answering Count VI, Paragraph 50 of the Amended Complaint, defendant denies the allegations contained therein as they apply to this defendant, its agents and servants. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and demands strict proof thereof.

51.   Answering Count VI, Paragraph 51 of the Amended Complaint, defendant denies the allegations contained therein as they apply to this defendant, its agents and servants. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and demands strict proof thereof.

52.   Answering Count VI, Paragraph 52 of the Amended Complaint, defendant denies the allegations contained therein as they apply to this defendant, its agents and servants. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and demands strict proof thereof.

53.   Answering Count VI, Paragraph 53 of the Amended Complaint, defendant denies the allegations contained therein as they apply to this defendant, its agents and servants. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and demands strict proof thereof.

54.    Answering Count VI, Paragraph 54 of the Amended Complaint, defendant denies the allegations contained therein as they apply to this defendant, its agents and servants.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraph and demands strict proof thereof.

55.    Defendant expressly denies each and every allegation not specifically admitted herein.

### THIRD DEFENSE

The injuries complained of by plaintiffs, if any legal injuries exist, were the result of acts or omissions by third parties not within the control or supervision of this defendant; therefore, the Amended Complaint should be dismissed against CAMC.

### FOURTH DEFENSE

The injuries complained of by plaintiffs, if any legal injuries exist, were the result of a pre-existing condition, or an underlying medical illness for which this defendant was not responsible; therefore, the Amended Complaint should be dismissed against CAMC.

### FIFTH DEFENSE

CAMC asserts the affirmative defenses of the statute of limitations bar, contributory negligence or comparative negligence, assumption of the risk, lack of proximate causation, and superseding or intervening cause, if some or all of these defenses are available under the facts to be developed in this case.

### SIXTH DEFENSE

Defendant asserts all the limitations, protections and defenses available to it pursuant to the Medical Professional Liability Act, WV Code § 55-7B-1 *et seq.*

## SEVENTH DEFENSE

Defendant reserves it right to file cross-claims or third party complaints if such pleadings are supported by the facts to be developed in this case.

**WHEREFORE**, defendant Charleston Area Medical Center, Inc. Individually and d/b/a Women and Children's Hospital, d/b/a CAMC Children's Hospital, d/b/a CAMC Women's Hospital, and d/b/a CAMC Women and Children's Hospital demands that the Complaint be dismissed against it, that it be awarded the costs of its defense, and for such other general and special relief as the Court deems just.

### DEFENDANT DEMANDS A TRIAL BY JURY.

**CHARLESTON AREA MEDICAL CENTER, INC. INDIVIDUALLY AND D/B/A WOMEN AND CHILDREN'S HOSPITAL, D/B/A CAMC CHILDREN'S HOSPITAL, D/B/A CAMC WOMEN'S HOSPITAL, AND D/B/A CAMC WOMEN AND CHILDREN'S HOSPITAL BY COUNSEL,**

Cheryl A. Eifert, Esq. (#1111)
Dina M. Mohler, Esq. (#2590)
*CHARLESTON AREA MEDICAL CENTER, INC.*
Office of the General Counsel
P. O. Box 3669
Charleston, West Virginia 25336
(304) 388-7532

## CERTIFICATE OF SERVICE

I, Cheryl A. Eifert, counsel for defendant Charleston Area Medical Center, Inc. do

hereby certify that I have served a true and accurate copy of the attached, *Answer of*

*Defendant Charleston Area Medical Center, Inc. Individually, and d/b/a Women and*

*Children's Hospital, d/b/a CAMC Children's Hospital, d/b/a CAMC Women's Hospital,*

*and d/b/a CAMC Women and Children's Hospital to the Amended Complaint* upon the

following by placing same within the United States Mail, postage prepaid on this 7th day of

August, 2003.

Pamela A. Lambert, Esq. (#2128)
*LAMBERT AND NEW*
P. O. Drawer 926
Gilbert, WV 25621

Scott S. Segal, Esq. (#4717)
Samuel A. Hrko, Esq. (#7727)
*THE SEGAL LAW FIRM*
810 Kanawha Boulevard, East
Charleston, WV 25301

David L. Shuman, Esq. (#3389)
Karen Tracy McElhinny (#7517)
*SHUMAN McCUSKEY & SLICER, PLLC*
P. O. Box 3953
Charleston, WV 25339

Stephen M. Horn, Esq. (#1788)
Assistant United States attorney
P. O. Box 1713
Charleston, WV 25326

Cheryl A. Eifert, Esq. (#1111)
Dina M. Mohler, Esq. (#2590)
*CHARLESTON AREA MEDICAL CENTER, INC.*
Office of the General Counsel
P. O. Box 3669
Charleston, West Virginia 25336
(304) 388-7582