UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PEGGY KENNEDY and
RAYMOND KENNEDY, individually
and as guardians and next
friends of TREVOR KENNEDY,
an infant under the age of
eighteen,

       Plaintiffs,

vs.                       CIVIL ACTION NO. 2:03-0175

UNITED STATES OF AMERICA,
CHARLESTON AREA MEDICAL
CENTER, INC., d/b/a Women
and Children's Hospital of
West Virginia d/b/a Women and
Children's Hospital d/b/a
CAMC Children's Hospital;
INPHYNET HOSPITAL SERVICES,
INC., a foreign corporation,
doing business in the State of
West Virginia; and
DR. GORDON J. GREEN,
individually,

       Defendants.

**ENTERED**
SEP 1 1 2003
_____, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

## SCHEDULING ORDER

Pursuant to Local Rules and Rule 16(b), F.R.Civ.P., and upon consideration of the Report of Meeting of Parties filed herein, it is hereby **ORDERED** as follows:

    1. <u>Joinder and amendments</u>. The filing of motions to join any party other than those named in the complaint, or any cross-claim

or counterclaim, of any reply, and of any amendment of any pleading shall be completed by **October 22, 2003.**

2. <u>Discovery</u>. All discovery requests and responses shall be completed by **June 30, 2004.** "Completed" means that all discovery, objections, motions to compel and all other motions and replies relating to discovery in this action must be filed in time for the party objecting or responding to have opportunity under the Federal Rules of Civil Procedure and Local Rules to make responses. The term "all discovery" in the preceding definition includes the disclosures required by Rule 26(a)(1), (2) and (5), but does not include the disclosures required by Rule 26(a)(3). Parties have a continuing obligation to supplement their responses beyond the discovery cut-off date, as provided in Rule 26(e).

3. <u>Limitations on discovery</u>. The agreements of the parties with respect to the limitations on discovery (numbers of interrogatories, requests for admissions, and depositions) are approved and adopted by the court for this case, as permitted by Local Rule 3.01(c).

4. <u>Expert witnesses</u>. The party bearing the burden of proof on an issue shall make the disclosures of information required by Rule 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than **March 31, 2004.** The party not bearing the burden of proof on an issue shall make the disclosures required by Rule 26(a)(2)(A) and (B) for that issue to all other parties or

their counsel no later than **April 30, 2004**. All parties shall provide the disclosures required by Rule 26(a)(2)(A) and (B) if the evidence is intended solely to contradict or rebut evidence on the same issue identified by another party under Rule 26(a)(2)(B), no later than **May 30, 2004**.

5. <u>Dispositive motions</u>. All dispositive motions, except those filed under Rule 12(b), together with depositions, admissions, documents, affidavits or other exhibits, and a memorandum in support of such motions shall be filed by **July 23, 2004**, with any response and reply filed in accordance with the provisions of the Local Rules.

6. <u>Settlement meeting and Rule 26(a)(3) disclosures</u>:

(a) <u>Settlement meeting</u>. No later than **September 13, 2004**, counsel and unrepresented parties shall meet to conduct settlement negotiations. Lead trial counsel for the Plaintiffs shall take the initiative in scheduling such meeting; all other counsel shall cooperate in the effort to achieve a successful negotiation and settlement. Counsel and unrepresented parties must be prepared at the pretrial conference to certify that they tried in their meeting to settle the case.

(b) <u>Rule 26(a)(3) disclosures</u>. If the case is not settled at the meeting, and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Rule 26(a)(3) disclosures at the settlement meeting.

7. <u>Proposed integrated pretrial order</u>. Counsel for the Plaintiffs shall prepare Plaintiffs' portion of the pretrial order and submit it to counsel for the Defendants no later than **September 21, 2004.** Counsel for the Defendants shall prepare and file a proposed integrated pretrial order no later than **September 28, 2004.** The proposed integrated pretrial order, signed by all counsel and unrepresented parties, shall set forth the matters listed in Local Rule 2.04(b), including any objections to Rule 26(a)(3) disclosures.

8. <u>Pretrial conference</u>. A final pretrial conference shall be held at **2:00 p.m. on October 4, 2004,** at which unrepresented parties and lead counsel for represented parties shall appear, fully prepared to discuss all aspects of the case. Individuals with full authority to settle the case for each party shall be present in person or immediately available by telephone.

9. <u>Pretrial order</u>. Following the pretrial conference, the judicial officer shall enter a final pretrial order, which shall be modified only to prevent manifest injustice.

10. <u>Proposed charge to the jury or Findings of Fact and Conclusions of Law</u>. In cases where a trial by jury will be held, counsel and unrepresented parties shall submit to the presiding judge no later than **October 13, 2004,** proposed jury instructions in narrative or charge form on substantive theories of recovery or defense, on damages, and on evidentiary matters peculiar to the

case, and special interrogatories, if any be appropriate to the case. The proposed instructions shall be exchanged by counsel and unrepresented parties prior to their submission to the judge. Such submissions shall not be filed and made a part of the record, unless so ordered by the court.

In cases which will be tried to the Court, proposed findings of fact and conclusions of law shall be exchanged by counsel and delivered to the Court no later than **October 10, 2004.**

11. Final settlement conference. The Court shall conduct a final settlement conference at **9:30 a.m. on October 18, 2004 in Charleston.** The conference shall be attended in person by all parties and lead trial counsel for represented parties. In addition, individuals and officials who possess full authority to settle the case also shall be present in person, unless previously excused by the Court.

12. Trial. Trial of this action shall commence at **9:30 a.m. on October 19, 2004 in Charleston.**

13. Failure to appear or negotiate. At least one of the attorneys for each party and all unrepresented parties participating in any conference before trial shall have authority to make decisions as to settlement, stipulations and admissions on all matters that participants reasonably anticipate may be discussed. Counsel and parties are subject to sanctions for

failures and lack of preparation specified in Rule 16(f) respecting pretrial conferences or orders.

The Clerk is directed to a copy of this Scheduling Order to all counsel of record.

ENTER: September 10, 2003

Charles H. Haden II
United States District Judge